IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM M. WAKEFIELD, ) | |
| ) | |
|    Plaintiff/Counterdefendant, ) | |
| ) | Case No.: 1:14-CV-0718-VEH |
| v. ) | Case No.: 1:14-CV-0715-VEH |
| ) | (As ordered upon consolidation) |
| SUSAN WAKEFIELD CRINNIAN, ) | |
| et al., ) | |
| ) | |
|    Defendant(s)/Counterplaintiff(s). ) | |

**MEMORANDUM OPINION**

**I.     Introduction**

Plaintiff William M. Wakefield ("Mr. Wakefield") initiated this declaratory judgment action in the Circuit Court of Calhoun County, Alabama on March 12, 2014. (Doc. 1-1 at 3).[1] Mr. Wakefield sued the following four defendants: Wakefield's Inc. (the "Family Company"), Susan Wakefield Crinnian ("Ms. Crinnian"), the Susan Wakefield Crinnian Trust (the "Trust"), and John W. Gordon ("Mr. Gordon"). (Doc. 1-1 at 3-4 ¶¶ 2-5).

The lawsuit arises out of a dispute between Ms. Crinnian and Mr. Wakefield about Mr. Wakefield's alleged mismanagement of the Family Company, a closely-

---

[1] All page references to Doc. 1-1 correspond with the court's CM/ECF numbering system.

held clothing business, and his unfair treatment of the Trust. (Doc. 1-1 at 8 ¶¶ 21-22; *id.* at 4 ¶ 8). Mr. Wakefield is the majority shareholder and president of the Family Company. (Doc. 1-1 at 3 ¶ 1). The Trust, Mr. Gordon, and Mr. Wakefield's wife are the Family Company's current minority shareholders. (*Id.* at 7 ¶ 16). Ms. Crinnian is a former minority shareholder.

> The complaint seeks the following forms of declaratory relief:
>
> a.   That in all transactions with [Mr.] Gordon, [Mr.] Wakefield has acted consistently with the Articles of Incorporation, Bylaws, and his duties owed to the Company and its shareholders;
>
> b.   That in all transactions with [Mr.] Gordon, [Mr.] Wakefield has protected the interests and rights of the Trust as a minority shareholder, and all other minority shareholders;
>
> c.   That in his actions as President and majority shareholder, [Mr.] Wakefield has acted in accordance with his legal and fiduciary duties set forth in the Articles of Incorporation, Bylaws, and Alabama law;
>
> d.   That [Mr.] Wakefield's actions are consistent with and protected by the Business Judgment Rule; and
>
> e.   For such other, additional relief to which Plaintiff may be entitled, premises considered.

(Doc. 1-1 at 9 ¶ 23).

Ms. Crinnian and the Trust removed the action arising under the Alabama Declaratory Judgment Act to federal court on April 18, 2014, asserting the presence

of diversity jurisdiction under 28 U.S.C. § 1332 in conjunction with the fraudulent joinder of the Family Company and Mr. Gordon. (Doc. 1 at 1; *id.* at 3-4 ¶ 9-10). Alternatively, Ms. Crinnian and the Trust contend that "an alignment of actual interests . . . mandates that [the Family Company and Mr. Gordon] be aligned with [Mr. Wakefield] and not [Ms.] Crinnian and the Crinnian Trust." (*Id.* at 5 ¶ 12).

This litigation was reassigned to the undersigned on June 24, 2014. (Doc. 10). By a separate order, the court has consolidated 1:14-CV-0715-VEH with this lawsuit as a counterclaim asserted against counterdefendant Mr. Wakefield.

Pending before the court are: (i) Ms. Crinnian and the Trust's Motion To Dismiss for Lack of Subject Matter Jurisdiction (Doc. 3) (the "Dismissal Motion") filed on April 18, 2014; (ii) Mr. Wakefield's Motion To Remand (Doc. 8) (the "Remand Motion") filed on May 5, 2014; and (iii) Mr. Wakefield's Request for Oral Argument on His Motion To Remand (Doc. 14) (the "OA Request") filed on July 7, 2014.

The parties have briefed the Dismissal and Remand Motions to some degree (Docs. 4, 9), and all motions are now ready for disposition. For the reasons explained below, the Remand Motion is due to be granted, the Dismissal Motion is due to be termed as moot, and the OA Request is due to be denied.

## II.     Standards

### A.     General Jurisdictional Principles

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "Accordingly, '[w]hen a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power.'" *Univ. of S. Ala.*, 168 F.3d at 409 (quoting *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212, 92 S. Ct. 418, 425, 30 L. Ed. 2d 383 (1971)). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala.*, 168 F.3d at 410. "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d

1249, 1251 (11th Cir. 1985) (per curiam)).

Moreover, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982) (quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18, 71 S. Ct. 534, 542, 95 L. Ed. 702 (1951)) (footnote and citation omitted). Furthermore, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941)).

Lastly, Congress has decreed and the Supreme Court has confirmed that—with the express exception of civil rights cases that have been removed— orders of remand by district courts based upon certain grounds, including in particular those premised upon lack of subject matter jurisdiction, are entirely insulated from review. More specifically, § 1447(d) provides:

> An order remanding a case to the State court from which it was removed <u>is not reviewable on appeal or otherwise</u>, except that an order remanding a case to the State court from which it was removed pursuant to section

1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d) (emphasis added); *see also Kirchner v. Putnam Funds Trust*, 547 U.S. 633, 642 , 126 S. Ct. 2145, 2154, 165 L. Ed. 2d 92,(2006) (recognizing that "'[w]here the [remand] order is based on one of the grounds enumerated in 28 U.S.C. § 1447(c), review is unavailable no matter how plain the legal error in ordering the remand'" (quoting *Briscoe v. Bell*, 432 U.S. 404, 413 n.13, 97 S. Ct. 2428, 2434 n.13, 53 L. Ed. 2d 439 (1977))); Milton I. Shadur, *Traps for the Unwary in Removal and Remand*, 33 no. 3 Litigation 43 (2007); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 127 S. Ct. 2411, 2418 (2007) (holding that when "the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)").

### B.    Diversity Jurisdiction

Ms. Crinnian and the Trust premise their removal upon this court's diversity jurisdiction. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). Therefore, removal jurisdiction based upon diversity requires: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s); and (2) satisfaction of the amount in controversy requirement.

### 1.   Citizenship Requirement

Diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

### 2.   Fraudulent Joinder Principles

The dispute over satisfaction of the citizenship requirement in this case has to do with whether Mr. Wakefield has fraudulently joined the Family Company and Mr. Gordon as defendants in his declaratory judgment action. "[W]hen there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant[,]" fraudulent joinder is established. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Relatedly, if fraudulent joinder is established, then the resident defendant is subject to dismissal as a party and its citizenship is disregarded for diversity requirement purposes. *See id.*

The Eleventh Circuit extensively addressed the issue of removal based on diversity jurisdiction when it is alleged that a non-diverse defendant has been fraudulently joined in *Crowe v. Coleman*, 113 F.3d 1536 (11th Cir. 1997). There the court stated:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a 'heavy one.' *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981).

*Crowe*, 113 F.3d at 1538.[2]

The standard is onerous because, absent fraudulent joinder, a plaintiff has the absolute right to choose his forum. That is, courts must keep in mind that the plaintiff is the master of his complaint and has the right to determine how and where he will fight his battle. As *Crowe* further recognized:

> This consequence makes sense given the law that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." *Parks v. The New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962).[[3]] The strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal," *see Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc.*, 507 F. Supp. 740, 744 (S.D. Ga. 1981)

---

[2] Under the second prong of the fraudulent joinder test, the court must determine whether the plaintiff has fraudulently pled facts relating to a party's citizenship in an effort to avoid diversity jurisdiction. No issue related to the second prong exists in this case. Accordingly, the court limits its analysis to the first inquiry.

[3] In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

(quoting 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedures* § 3721), a result that is costly not only for the plaintiff, but for all the parties and for society when the case must be re-litigated.

*Crowe*, 113 F.3d at 1538.

To establish fraudulent joinder of a resident defendant, the burden of proof on the removing party is a "heavy one[,]" *see Crowe*, 113 F.3d at 1538 (internal quotation marks omitted) (quoting *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981)), requiring clear and convincing evidence and particularity in pleading. *Parks*, 308 F.2d at 478 (citing Barron and Holtzoff, *Federal Practice and Procedure*, § 103, p. 478). Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim but must look to whether there is a <u>possibility</u> that a claim exists. More particularly, the *Crowe* court explained the framework for analyzing fraudulent joinder as:

> While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' [*B. Inc., v. Miller Brewing Co.*, 663 F.2d 545, 549 n.9 (5th Cir., Unit A 1981)], the jurisdictional inquiry 'must not subsume substantive determination.' *Id.* at 550. Over and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.' *Id.* at 548-49. When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. *See id*. '<u>If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and</u>

> remand the case to state court.' *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993).

*Crowe*, 113 F.3d at 1538 (emphasis added).

In a later fraudulent joinder decision, the Eleventh Circuit elaborated:

> The fact that the plaintiffs may not ultimately prevail against the individual defendants because of an insufficient causal link between the defendants' actions and the plaintiffs' injuries does not mean that the plaintiffs have not stated a cause of action for purposes of the fraudulent joinder analysis. In a fraudulent joinder inquiry, 'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.' *Crowe*, 113 F.3d at 1538.

*Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380-81 (11th Cir. 1998); *see also Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) ("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court.").

**III.   Analysis**

    **A.   Mr. Wakefield's Remand Motion**

Because Mr. Wakefield's Remand Motion challenges this court's subject matter jurisdiction on removal, the court addresses it first. Mr. Wakefield makes two primary points in his Remand Motion in response to Ms. Crinnian and the Trust's

removal petition. First, neither the Family Company nor Mr. Gordon has been fraudulent joined in this action because both are necessary parties pursuant to Alabama Rule of Civil Procedure 19(a). (Doc. 8 at 6). Second, the Family Company is also a necessary party defendant pursuant to Alabama Rule of Civil Procedure 23.1.

Ms. Crinnian and the Trust counter that, even if the Family Company and Mr. Gordon were not fraudulently joined, the court should realign them as party plaintiffs with Mr. Wakefield.

The undersigned has not been able to find any reported decisions analyzing fraudulent joinder in the context of a removed Alabama Declaratory Judgment action that mirrors these facts. However, the court has located two instructive cases that have dealt with similar jurisdictional inquiries in the situation of a removed insurance coverage dispute.

First, in *Earnest v. State Farm Fire and Cas. Co.*, 475 F. Supp. 2d 1113 (N.D. Ala. 2007), the plaintiff, an insured, sued State Farm and other non-diverse individual defendants, in the Circuit Court of Jefferson County, seeking a judgment under a policy of insurance issued to him by State Farm. State Farm removed the lawsuit to federal court and, like Ms. Crinnian and the Trust, State Farm argued that, because the other defendants were improperly joined, the court should disregard their Alabama citizenship. Alternatively, State Farm contended that, if its co-defendants

were, in fact, properly joined, then realigning them as plaintiffs would be appropriate.

In analyzing fraudulent joinder, the *Earnest* court correctly observed:

> *Triggs* provides district courts with an explanation of the test that should be applied in determining if a defendant is joined fraudulently in a typical case. <u>The *Triggs* test, however, is not easily applied to this type of declaratory judgment action</u>. The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201. As one would expect, an action by a party to declare his or her rights is not a typical claim that is made **against** another party. <u>Instead, it is filed to determine relative rights, and is only effective if the outcome is **binding** upon those properly made a party to the action</u>.

*Earnest*, 475 F. Supp. 2d at 1115-16 (emphasis by underling added); *see also Earnest*, 475 F. Supp. 2d at 1115 ("Plaintiff agrees with State Farm's contention that there is no possible cause of action, in the traditional sense, that exists against the non-diverse defendants under the Complaint."); *id.* ("[However,] Earnest apparently did not include the non-diverse defendants in his action so that he could allege a cause of action against them; rather, he maintains that they are 'parties in interest' because an adjudication of insurance coverage or non-coverage affects each of them, and he wants the remaining defendants to be bound by a resulting declaratory judgment.").

After pointing out the uniqueness of testing a fraudulent joinder theory in a declarative proceeding, the *Earnest* court determined that, while suing the underlying

12

tort plaintiff as a defendant in the declaratory judgment action before it had not been fraudulent, joining the other individual defendants was inappropriate. More precisely, the *Earnest* court found:

> While it may be unusual for an individual to bring an action to declare the obligations of his insurer, the underlying tort plaintiff would be an indispensable party no matter who initiated the complaint; otherwise, he or she would not be bound by the result. If State Farm had filed a declaratory judgment action in federal district court pertaining to its obligation to defend or indemnify Earnest from Thomas's claims, it too would have included Thomas, a non-diverse party, as a defendant. If not, State Farm's action would have been subject to dismissal for failure to join an indispensable party. *See Ranger Ins. Co. v. United Housing of New Mexico*, 488 F.2d 682 (5th Cir. 1974). . . .
>
> The umbrella of this logic, however, does not extend far enough to include Watson or Hutto. <u>These two defendants have no interest in the outcome of the declaratory judgment action and further, Earnest has no reason for them to be bound by it</u>. Therefore, they are not real parties in interest. Since they are not real parties in interest, and since no claim was made against them in the declaratory judgment action, Watson and Hutto were fraudulently joined and are to be ignored for the purpose of considering diversity of citizenship. *See Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

475 F. Supp. 2d at 1117 (footnote omitted) (emphasis added).

However, nevertheless, the *Earnest* court still denied the motion to remand, finding a realignment of the parties to be appropriate because the underlying tort plaintiff's interests were "closely aligned with Mr. Earnest's efforts to obtain indemnity" from State Farm. 475 F. Supp. 2d at 1117.

13

Second, in *Andalusia Enterprises, Inc. v. Evanston Ins. Co.*, 487 F. Supp. 2d 1290 (N.D. Ala. 2007), the district court, analyzing necessary parties under the Alabama Declaratory Judgment Act, agreed with *Earnest* on the approach to use in evaluating fraudulent joinder, but deviated from that decision with respect to the question of party realignment.

Concerning realignment, the *Andalusia* court reasoned in part that 28 U.S.C. § 1441(b) "unequivocally precludes removal in a case brought under Alabama's Declaratory Judgment Act." 487 F. Supp. 2d at 1295.

Section 1441(b) provides in pertinent part:

(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title <u>may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought</u>.

28 U.S.C. § 1441(b)(2) (emphasis added). As the *Andalusia* court further explained:

> Lane was not only a citizen of the state in which this action was brought, but he was "**properly joined and served as a defendant**". <u>To find removal jurisdiction under such circumstances would totally ignore § 1441(b) and is counter to the universal rule that construes removal statutes strictly</u>. This removal statute contemplates the determination of the question of removability using the lineup of the parties at the time of removal, unless that lineup is facially improper. Here it was both proper and mandated by Alabama procedure.

487 F. Supp. 2d at 1295 (emphasis by underlining added).

The *Andalusia* court perceived another problem with the challenged removal

before it:

> [B]ecause Lane was a necessary party defendant in the state court, the action against him was not subject to dismissal under Rule 12(b)(6). Therefore, as a proper party, his failure to join in the removal violates the unanimity requirement of 28 U.S.C. § 1446(a), and creates another defect in this removal. Section 1446(a) precludes removal unless all properly named and served defendants join. Andalusia and Hughes make this point, and the court agrees with them. <u>Before any alignment problem is confronted, all properly joined defendants must join in the removal.</u> Lane did not. <u>Section 1446(a) makes no exception for a proper party defendant who, in fact, may be in total agreement with the plaintiff</u>. It simply and straightforwardly requires that **all** properly named and served defendants join in the removal. Here, one such defendant did not join.

*Andalusia*, 487 F. Supp. 2d at 1296 (emphasis by underlining added). As reorganized, § 1446(b)(2)(A) now provides "[w]hen a civil action is removed solely under section 1441(a), <u>all defendants who have been properly joined and served must join in or consent to the removal of the action</u>." 28 U.S.C. § 1446(b)(2)(A) (emphasis added).

The *Andalusia* court also declined to realign on the basis that "[r]ealignment is appropriate only if the interests of the realignment parties are manifestly the same." 487 F. Supp. 2d at 1296-97. When the court examined the record, it could not "make such a finding in this case." *Id.* at 1297; *see also Agrella v. Great American Ins. Companies*, No. 99–C–5309, 1999 WL 1101319, at *3 (N.D. Ill. Nov. 29, 1999) ("Realignment here would run counter to the policy of narrow construction of diversity claims.").

Turning to Mr. Wakefield's remand contentions, and relying upon the reasoning used both in *Earnest* and *Andalusia* as persuasive authority, the court agrees with Mr. Wakefield that the Family Company is a necessary party to portions of this declarative proceeding as provided for under Alabama law. In particular, § 6-6-227 of the Alabama Declaratory Judgment Act provides:

> All persons shall be made parties who have, or claim, <u>any interest which would be affected by the declaration</u>, and no declaration shall prejudice the rights of persons not parties to the proceeding.

Ala. Code § 6-6-227 (emphasis added); *see also* Ala. R. Civ. P. 19(a) ("A person who is subject to jurisdiction of the court shall be joined as a party in the action if . . . (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.").

The parties' dispute over whether Mr. Wakefield has wrongfully managed the Family Company when selling its stock to Mr. Gordon, and Mr. Wakefield's request for separate declarations that he "has acted consistently with the Articles of Incorporation, Bylaws, and his duties owed to the Company and its shareholders," and that he has adhered to the Business Judgment Rule, render the Family Company's

16

presence essential to this proceeding because it has a stake in such declarations, regardless of whether they are decided favorably or unfavorably to Mr. Wakefield, and because Mr. Wakefield intends for the Family Company to be bound by the results.[4]

As for the issue of realignment, the court agrees with the *Andalusia* decision (and thus is unpersuaded by the path followed in *Earnest*) that inviting this court to accomplish such a diversity-driven party restructuring in a removed declaratory judgment action is squarely at odds with the plain language of § 1441(b)(2).[5] Another procedural obstacle, before even reaching the requested realignment, is the failure of the Family Company to join in or consent to the removal as is statutorily required of all properly joined and served defendants. 28 U.S.C. § 1446(b)(2)(A).

Realignment also runs counter to several overarching jurisdictional principles, including that "state courts are the courts of primary or general jurisdiction in this country and that the federal courts are courts of limited or statutory jurisdiction, meaning that access to federal courts can be obtained only by a supplicant's meeting all of the jurisdictional requirements, construed against him." *Andalusia*, 487 F. Supp. 2d at 1293 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S. Ct. 868,

---

[4] The court limits its analysis to the Family Company as a necessary party.

[5] The court acknowledges that, in *Andalusia*, the request for party realignment was lately made. However, that lateness was but one of many reasons why the *Andalusia* court refused to realign the parties.

85 L. Ed. 1214 (1941)).

Finally, even if this court were to overlook all of the foregoing hurdles, Ms. Crinnian and the Trust have not persuaded the court that the interests of Mr. Wakefield and the Family Company sufficiently dovetail. Instead, based upon the nature of the commercial improprieties asserted against Mr. Wakefield, the court can envision many ways in which they may, in fact, deviate. Consequently, consistent with *Andalusia*, a realignment is far from an obvious choice for the court to make.

Therefore, because the Family Company is a properly joined defendant to the declaratory judgment action, and because realignment is either statutorily prohibited or otherwise inappropriate, diversity jurisdiction does not exist and the Remand Motion is due to be granted.

**B.     Ms. Crinnian and the Trust's Dismissal Motion**

Ms. Crinnian and the Trust's Dismissal Motion seeks to dismiss Mr. Wakefield's complaint for lack of subject matter jurisdiction (Doc. 3 at 1), contending that "there is no case or controversy which gives rise to a cause of action under Alabama's declaratory judgment statute." (Doc. 4 at 2). Alternatively, Ms. Crinnian and the Trust requests that this court consolidate Mr. Wakefield's declaratory judgment action "with a shareholder oppression action filed by Mrs. Crinnian and the

Crinnian Trust,[6] as plaintiffs, against William M. Wakefield, as the defendant and styled *Susan Wakefield Crinnian, individually and as Trustee of the Susan Crinnian Trust v. William M. Wakefield*, United States District Court for the Northern District of Alabama, Eastern Division, Civil Action No. CV-14-HS-715-E." (Doc. 3 at 1-2).

Because the court has determined that removal jurisdiction premised upon diversity is lacking and that, as a result, remand is appropriate, it does not reach the merits of the Dismissal Motion and it is due to be termed as moot.

### C. Mr. Wakefield's OA Request

Due to the straightforward nature of the disputed issues presented by the parties, the court sees no need for oral argument, and Mr. Wakefield's OA Request is due to be denied.

### IV. Conclusion

For the reasons stated above, the Remand Motion is due to be granted and the Dismissal Motion is due to be termed as moot. Further, the OA Request is due to be denied. Finally, the court will enter an order of remand consistent with this memorandum opinion.

---

[6] As mentioned in the introductory section, a consolidation has already been ordered.

**DONE** and **ORDERED** this 29th day of August, 2014.

                                          **VIRGINIA EMERSON HOPKINS**
                                          United States District Judge